MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (DCBN 121782)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6748
    Kimberly.hopkins@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-05-00066 EDL |
| Plaintiff, | [PROPOSED] DETENTION ORDER |
| v. | |
| DEMARCUS DEANGELO WEBB, | Date: April 9, 2015<br>Time: 9:30 a.m. |
| Defendant. | |

## INTRODUCTION

On March 27, 2015, a Petition for Arrest Warrant for Offender Under Supervision was signed by the Honorable Maxine Chesney. The Petition listed two charges, alleging that the defendant contacted one of the victims in his underlying case twice in 2013 and once in 2015. On April 3, 2015, at 9:30 a.m., the parties appeared before the Court for a detention hearing. Assistant Federal Public Defender Daniel Blank represented the defendant and Assistant United States Attorney Kimberly Hopkins represented the government. Counsel for the defendant moved for release. Following extensive argument from both counsel for defendant and counsel for the government, the Court denied the defendant's motion for release, finding the defendant did not prove by clear and convincing evidence

1  that the defendant did not pose a danger to any other person in the community.  The hearing was
2  continued to the afternoon pending the approval of an Amended Petition.  Shortly thereafter, the
3  Amended Petition was signed by the Honorable Maxine Chesney.  The Petition listed three additional
4  charges, alleging the defendant possessed controlled substances and drug paraphernalia, associated with
5  a person convicted of a felony; and was in possession of counterfeit currency.  At the hearing, the
6  government moved for and the Court dismissed the first two charges.  Thereafter, the Court upheld its
7  original finding that the defendant did not prove by clear and convincing evidence that he did not pose a
8  danger to any other person in the community.

9      On April 9, 2015, at 9:30 a.m., the parties appeared before the Court for a review of the detention
10  order.  Assistant Federal Public Defender Daniel Blank represented the defendant and Assistant United
11  States Attorney Kimberly Hopkins represented the government.  Following argument from counsel for
12  defendant and counsel for the government, and for the reasons stated more extensively on the record and
13  summarized below, the court detains Mr. Webb.

## LEGAL STANDARD

15  The burden of establishing by clear and convincing evidence that the person will not flee or pose
16  any danger to any other person or to the community rests with the person.  F.R.C.P., Rule 32.1 (a)(6).

## DETENTION ORDER

18  The court finds that the defendant has not satisfied its burden of establishing by clear and
19  convincing evidence that he will not pose any danger to any other person or to the community.  The
20  court gave the basis for its findings on the record.  Specifically, the defendant has an extensive criminal
21  history dating back to 1993.  He has nine misdemeanor convictions and six felony convictions.  His
22  felony convictions include, but are not limited to, possession/purchase of cocaine base for sale, robbery
23  with use of a firearm, evading a peace officer, and possession of an assault weapon.  In May of 2006, the
24  defendant was convicted in federal court of interstate transportation of minors for purposes of
25  prostitution and engaging in criminal sexual activity.  The defendant received a 96-month prison
26  sentence from the Honorable Maxine Chesney and is now on supervised release from that conviction.

27      The supervised release violations allege that the defendant possessed cocaine and drug
28  paraphernalia in his house and/or room, including bindles in his pants pocket, counterfeit currency was

[PROPOSED] DETENTION ORDER
3-05-00066 EDL

seized from the defendant's Corvette, and the defendant associated with a convicted felon, albeit by mail addressed to the defendant found in his car.  Notably, the convicted felon was also convicted of interstate transportation of minors for purposes of prostitution and engaging in criminal sexual activity, as well as possession of a firearm in furtherance if a crime of violence, sex trafficking of children or by force, fraud, or coercion and aiding and abetting, in the Eastern District of California and was sentenced to 480 months custody.  Also, although not a violation of his conditions of supervised release, the government proffered that while on release he twice asked a woman connected with the underlying criminal conduct, whom he had victimized when she was a minor, for her phone number and was rebuffed.  He nonetheless again in February 2010 asked her for her phone number when she was at the Beauty Bar, frightening her.

These facts, taken together, give the Court serious concern that, if the defendant were released, he would continue to re-offend or violate the terms of his supervised release.

Therefore, based on the foregoing, the Court finds by clear and convincing evidence that no combination of conditions of release could assure the safety of the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), the court orders the following:

(1)  The defendant is committed to the custody of the Attorney General for confinement in a corrections facility during the pendency of this matter, and to the extent practicable, shall be held separately from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendant must be afforded reasonable opportunity for private consultation with his counsel; and

(3)  On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

Date: April 10, 2015

*Elizabeth D. Laporte*
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge
Northern District of California

[PROPOSED] DETENTION ORDER
3-05-00066 EDL